**WO**                                                                                          MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 06-445-PHX-MHM |
| Plaintiff, ) | No. CV 07-863-PHX-MHM (JCG) |
| v. ) | **ORDER** |
| Julio Homero Briones-Celis, ) | |
| Defendant/Movant. ) | |

Movant Julio Homero Briones-Celis, who is confined in the California City Correctional Institution in California City, California, filed a *pro se* "Motion for Time Reduction by an Inmate in Federal Custody under (28 U.S.C. § 2255)." The Court will summarily dismiss the motion.

## I.   Procedural History

Pursuant to a plea agreement, Movant pled guilty to Harboring of Illegal Aliens for Profit, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (B)(i). On December 4, 2006, the Court sentenced Movant to a 33-month term of imprisonment followed by 2 years on supervised release.

Movant seeks a reduction of his sentence based on an Attorney General Memorandum allegedly authorizing up to a 2-point departure if a defendant accepts a final deportation order. He also alleges that his Fifth Amendment due process rights and his Fourteenth Amendment equal protection rights are being violated because as a deportable alien, he is

ineligible for a one-year sentence reduction for attending a drug treatment program during incarceration, certain prison employment, and early release to a half-way house.

## II. Summary Dismissal

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. When this standard is satisfied, neither a hearing nor a response from the government is required. See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982). Moreover, if there has been a valid waiver of the right to file a federal habeas corpus petition, a court lacks jurisdiction to hear the case. See Washington v. Lampert, 422 F.3d 864, 869 (9th Cir. 2005).

In this case, the record shows that summary dismissal under Rule 4(b) is warranted and the Court lacks jurisdiction to hear the motion because Movant has waived the right to bring a § 2255 motion.[1]

## III. Waiver

Movant has waived challenges to his sentence. The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. United States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo,

---

[1] In addition, the Ninth Circuit explicitly rejected Movant's equal protection argument in McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999).

398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. See Washington, 422 F.3d at 871 (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

As part of his plea agreement, Movant made the following waiver:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and **(3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.**

(Emphasis added.) (Doc. #79). Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Doc. #79).

Movant's assertions in his § 2255 motion all pertain to sentencing and do not pertain to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. Consequently, the Court finds that Movant waived the sentencing

issues raised in his § 2255 motion.  Thus, the Court will summarily dismiss the motion for lack of jurisdiction.  Accordingly,

**IT IS ORDERED** that the Motion for Time Reduction (Doc. #83 in CR 06-445-PHX-MHM) is **denied** and that the civil action opened in connection with this Motion (CV 07-863-PHX-MHM (JCG)) is **dismissed**.  The Clerk of Court must enter a judgment of dismissal of the civil action accordingly.

DATED this 4th day of May, 2007.

_____
Mary H. Murguia
United States District Judge